IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLAS CANTU JR., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:23-CV-2061-N |
| EXPERIAN INFORMATION SOLUTIONS, INC., | § § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses four motions: Defendant Experian Information Solutions, Inc.'s ("Experian") motion for sanctions [26] and motion to strike sur-reply [33], Plaintiff's counsel, Jaffer & Associate's ("Counsel") motion to dismiss [18], and Cantu's motion for sanctions [31].

The Court grants Cantu's motion to dismiss because the August 22, 2025, hearing renders the motion to dismiss unopposed. Additionally, because Counsel did not seek leave of the Court to file a sur-reply, the Court grants the motion to strike. For the reasons below, the Court denies both Experian's and Counsel's motions for sanctions.

### I. ORIGINS OF THE MOTION

Plaintiff Blas Cantu, Jr. initially filed suit against Experian for violating sections 1681e(b) and 1681i(a) of the Fair Credit Reporting Act. Pl.'s Compl. ¶¶ 29, 36, 43. In support of his claim, Cantu provided a credit denial letter (the "Letter") purportedly from

ORDER – PAGE 1

Citibank for a Mastercard. Pl.'s Compl. [1-E]. After requesting the Letter in its native format, Experian discovered that an unidentified individual digitally altered the contents.[1] These alterations are visible in Adobe Acrobat and Adobe lists the changes in the "Comments" panel. The changes include redactions and overlaying the redactions with new text boxes.

The Letter, as altered, states Citibank denied Cantu a Mastercard based on a consumer report from Experian stating Cantu had delinquent credit obligations relating to a credit union account under his name. This denial would have been evidence of damages. However, the original unaltered letter has two substantive differences. First, the original letter was actually a credit denial from Macy's based on a consumer report from Equifax, not Experian. Second, the reason for denial was an insufficient number of accounts, not because of paid or unpaid credit obligations.

Experian also alleges Cantu's claim for identity theft is baseless for two reasons. Def.'s Mot. for Sanctions and Att'y's Fees 6–7. First, Cantu had been paying the account for years — even transacting with his own business — thereby making it improbable that Cantu believed his identity was stolen. Second, Cantu repeatedly disputed late payments as to that account via mail and included Cantu's personal information, such as a copy of his social security card and his Texas identification card. *Id.* Subsequently, Experian

---

[1] Separately, a person working for Counsel edited the Letter by adding conventional exhibit stamps and redacted Cantu's address the morning Counsel filed the case. The metadata indicated a former attorney's laptop was used to make the changes. However, the attorney was no longer with the firm by that day and had already turned over the computer to Counsel's firm. Thus, it remains a question who used the computer to make any changes to the Letter.

ORDER – PAGE 2

informed Counsel that Cantu's claims were frivolous and brought in bad faith. *Id.* at 7. Cantu and Counsel disputed this allegation. *Id.*

After Experian informed Counsel of the Letter and its alterations, Counsel moved to dismiss the claim. *Id.* at 9. Experian opposed the dismissal and asked to pursue limited discovery regarding both the basis of Cantu's claims and possible sanctions [20]. The Court granted Experian's request. Order (January 8, 2025) [23].

Experian now moves to sanction Counsel under Rule 11 and for attorneys' fees under section 1927. Counsel moves to sanction Experian and moves to dismiss.

## II. THE COURT DENIES EXPERIAN'S MOTION FOR SANCTIONS UNDER RULE 11

### A.   *The Legal Standard Under Rule 11*

District courts have power under various provisions of the Federal Rules of Civil Procedure, *see, e.g.*, FED. R. CIV. P. 11, 26, as well as an inherent authority "to punish bad faith conduct occurring during litigation." *Thomas v. Napolitano*, 2012 WL 13019644, at *2 (N.D. Tex. 2012). A district court has broad discretion in determining whether sanctions are warranted and, if so, what they should be. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990). Deciding Rule 11 motions often involves fact-intensive, close calls. *Id.* The Court must examine whether the lawyer's certification complies with "an objective standard of reasonableness under the circumstances." *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1296 (5th Cir. 1994) (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992). "In assessing whether an attorney has met these obligations, [courts] apply

the 'snapshot' rule, measuring the attorney's conduct as of the time of the signing." *F.D.I.C.*, 34 F.3d at 1296.

Under Rule 11(b), when an attorney or unrepresented party presents a pleading, motion, or other paper to the Court, he certifies that to the best of his knowledge, information, and belief,

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).

A "court has the power to conduct an independent investigation to determine whether it has been the victim of fraud." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (citing *Universal Oil Prods. Co. v. Root Refin. Co.*, 328 U.S. 575, 580 (1946)). Where it is objectively ascertainable that an attorney has submitted a paper to the court for an improper purpose, the court may impose sanctions. *See* FED. R. CIV. P. 11(c)(1); *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 805 (5th Cir. 2003).

### B. Sanctions Are Not Appropriate

The Court denies Experian's motion for Rule 11 sanctions against Counsel. Counsel represented Cantu in his suit against Experian. Cantu's allegations center on the idea that he was a victim of identity theft related to a credit union account on his Experian consumer

report. Cantu alleged Citibank denied his credit card application because of Experian's reporting and supported this with a purported denial letter. Based on the above documentation, the Court holds that Counsel was not willfully ignorant. *Compare Bynum v. Am. Airlines, Inc.*, 166 F. App'x 730, 734 (5th Cir. 2006) (ruling against Rule 11(b)(3) sanctions when counsel did not have documentation supporting a claim because the standard is whether there will later *likely* be evidentiary support), *with Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 528 (5th Cir. 1992) (sanctioning counsel for willful deception when counsel *knew* declarations were not signed and no signed originals existed).

Experian argues that even a cursory review would reveal Cantu's claims were fraudulent. However, the Court is not convinced, rather, Counsel merely accepted what Cantu provided at face value. Whether a certifying attorney reasonably inquired into the facts depends on several factors: the time available to investigate, the extent of reliance on the client for factual support for the document, if prefiling investigation was feasible, whether the attorney accepted the case from another attorney, the complexity of the factual issues, and the extent discovery is needed to develop the underlying facts. *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988).

Cantu's claims are hard to reconcile with the facts presented. Cantu claimed the reported account was not his and that he was a victim of identity theft. Counsel attempted to support this through documentation, such as the Letter and a police report provided by Cantu. Yet, ample evidence points to the contrary. Between 2018 and 2022, the account balance was being regularly paid, and transactions show purchases made at Cantu's

ORDER – PAGE 5

Express Market, Cantu's business.  Def.'s Mot. for Sanctions App. [27] 117–18. Additionally, Cantu sent several dispute letters, contesting the payments were late.  These actions are inconsistent with an individual claiming to be a victim of identity theft.

Thus, although there is clear evidence someone altered the letter, the Court finds that Counsel did not doctor the letter or act for improper purposes, in bad faith, or solely to harass Experian.  *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024–25 (5th Cir. 1994) (holding under Rule 11 counsel certified a well-grounded claim when, among other actions, counsel conducted interviews, inspected property, obtained a police report, and reviewed client records).  This Order is not vindication for Counsel, but rather a determination that Counsel's oversight came close, but did not quite amount to sanctionable conduct.  Based on the above documentation, the Court denies the Experian's request for sanctions.

### III. THE COURT DENIES EXPERIAN'S MOTION FOR ATTORNEYS' FEES UNDER 28 U.S.C. § 1927

#### A.  The Legal Standard Under Section 1927

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  "An award of attorneys' fees under section 1927 requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."  *Laws. Title Ins. Corp. v. Doubletree Partners, LP*, 739 F.3d 848, 871 (5th Cir. 2014) (citation modified).  Sanctions under section 1927 are "'punitive in nature and require clear and convincing evidence' that

sanctions are justified." *Id.* at 872 (quoting *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010)). Further, "[a]n unsuccessful claim is not necessarily actionable." *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1256 (5th Cir. 1991).

### B.  *The Court Declines to Award Attorneys' Fees*

The Court does not find sufficient evidence to support an award for attorneys' fees. Experian argues the Court should sanction Counsel because they filed Cantu's complaint with the doctored document and have a history of filing "frivolous lawsuits" for several clients. Def.'s Mot. for Sanctions and Att'y's Fees 13–14. Counsel provided detail reports about the types of software used and how comments and alterations like those found in the Letter are not visible in basic programs, such as a Google Chrome browser. Counsel also explained that they responded promptly to requests for admissions and productions, and that Counsel was not linked to any credit union account disputes. Thus, the Court holds that Experian has failed to satisfy its heavy burden of showing clear and convincing evidence that Counsel's conduct merits sanctions. Counsel's filings are not sufficient to show bad faith, improper motive, reckless disregard of duty, or unreasonable multiplication of the proceedings on the part of being Cantu's counsel.

Experian additionally argues that it may receive attorneys' fees and costs pursuant to the Court's inherent powers. *See Chambers*, 501 U.S. at 50. The Court does not find there is sufficient evidence to show that Counsel acted in bad faith, vexatiously, wantonly, or for oppressive reasons. As such, the Court denies Experian's request to hold Counsel liable for attorneys' fees and costs under section 1927 or the Court's inherent powers.

### IV. THE COURT DENIES EXPERIAN'S MOTION FOR SANCTIONS UNDER 15 U.S.C. §§ 1681N AND 1681O

#### A. The Legal Standard Under Sections 1681n and 1681o

Section 1681 of the Fair Credit Reporting Act provides findings and reasonable procedures, including limits on when courts can award sanctions. *See* §§ 1681. Section 1681n(c) and o(b) both provide attorney's fees when the Court finds

> that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. §§ 1681n(c); 1681o(b). Moreover, "[p]unitive damage awards are permitted even without malice or evil motive, but the violation must have been willful under 15 U.S.C.A. § 1681n." *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986).

#### B. The Court Declines to Award Sanctions

The Court denies sanctioning Counsel under sections 1681n and 1681o because the record does not show that Counsel acted willfully under section 1681n or negligently under section 1681(o). Here, the evidence does not support that Counsel willfully filed any documents in bad faith or in order to harass Experian. Counsel stated they were not aware of the metadata and alterations because they used specific "standard" browsers and not PDF software, such as Adobe Acrobat, that would not have shown the alterations. Thus, there is no evidence Counsel knew or intended to commit an act in conscious disregard for the rights of others. *See id.* The Court, therefore, denies sanctions under section 1681n(c).

Under section 1681o(b), sanctions similarly are not applicable. As stated above, Experian has failed to demonstrate Counsel brought the action with bad faith or

ORDER – PAGE 8

harassment. Counsel filed a motion to dismiss and accepted Cantu's documents at face value. This does not rise to the required level of bad faith or harassment the statute requires. Accordingly, the Court also denies sanctions under section 1681o(b).

### V. THE COURT DENIES COUNSEL'S MOTION TO SANCTION EXPERIAN

The Court holds that Experian's conduct does not merit sanctions. As discussed above, courts are empowered to award costs and attorneys' fees as sanctions pursuant to 28 U.S.C. § 1927. Counsel asks the Court to sanction Experian's counsel by dismissing their motion for sanctions and providing for attorneys' fees for the defense of their own motion. In support of this motion, Counsel argues that Experian's motion was based on speculation, misrepresentations, and seeks to impute bad faith. In sum, Counsel alleges Experian brought the motion to intimidate Counsel.

In its response to Counsel's motion, Experian details the basis of Experian's motion to sanction. Experian explains the requisite legal support for its motion, including its good faith intent to comply with its ethical duties to the Court. The Court therefore denies Counsel's motion.

### CONCLUSION

Because Counsel was neither willfully ignorant nor negligent and instead accepted the documents Cantu provided at face value, the Court denies Experian's motion for sanctions. The Court also denies Counsel's motion for sanctions against Experian because counsel for Experian was not acting in bad faith. The Court grants the motion to dismiss

because, following the hearing, the motion is now unopposed. As a result of failing to seek leave to file a sur-reply, the Court grants Experian's motion to strike Counsel's sur-reply.

Signed September 22, 2025.

_____<br>
David C. Godbey<br>
United States District Judge

ORDER – PAGE 10